**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-417-GCM
(3:00-cr-174-GCM-1)**

| | |
|---|---|
| **LAMONT MAURICE GAITHER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss, (Doc. No. 11).

**I.    BACKGROUND**

Petitioner pled guilty pursuant to a written Plea Agreement to: Count (1), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Count (6), aiding and abetting Hobbs Act robbery (18 U.S.C. §§ 1951 and 2); Count (7), using, carrying, and discharging a firearm during and in relation to a crime of violence (Count (6)) and aiding and abetting the same; and Count (11), using, carrying, and brandishing a firearm during and in relation to a crime of violence (aiding and abetting Hobbs Act robbery charged in Count (10)) and aiding and abetting the same. (3:00-cr-174, Doc. No. 3) (Indictment); (Id., Doc. No. 35) (Plea Agreement). The Government dismissed 15 additional counts in exchange for Petitioner's plea. See (Id., Doc. Nos. 3, 35, 67). Petitioner admitted to being guilty as charged of the relevant counts. (Id., Doc. No. 35 at 1).

The Plea Agreement states that Petitioner acknowledges his sentencing exposure, that the sentence has not been determined and will be entered at the Court's discretion, as well as the

1

rights he was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself. (Id., Doc. No. 35 at 1-5). Petitioner and counsel discussed his rights to appeal and to seek post-conviction relief and Petitioner specifically waived both rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Id., Doc. No. 35 at 5).

On October 10, 2001, the Court adjudicated Petitioner guilty in accordance with the Plea Agreement and sentenced him to a total of 300 months' imprisonment (46 months as to Counts (1) and (2), concurrent, 120 months for Count (7), consecutive, and 135 months for Count (11), consecutive), followed by a total of three years of supervised release. (Id., Doc. No. 67).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 20, 2016 arguing that his § 924(c) conviction is void because the "predicate offense of Hobbs Act robbery" does not qualify as a crime of violence pursuant to Johnson v. United States, 135 S.Ct. 2115 (2015). (Doc. No. 1 at 2).

This case was stayed for several years pursuant to the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433, United States v. Simms, Case No. 15-4640, and the United States Supreme Court's consideration of United States v. Davis, 18-431. (Doc. Nos. 5, 8).

The United States filed a Motion to Dismiss arguing that Petitioner's claims are waived, procedurally barred, and foreclosed by United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), which held that Hobbs Act robbery is a crime of violence. (Doc. No. 11).

Petitioner filed a Response arguing for the first time that the predicate for Petitioner's § 924(c) convictions is *aiding and abetting* Hobbs Act robbery which does not qualify as a crime of violence. Petitioner acknowledges that the Western District of North Carolina has held that

aiding and abetting Hobbs Act robbery is a crime of violence but seeks to preserve this issue.[1] (Doc. No. 14 at 1, n.1). Petitioner further argues that the Plea Agreement did not waive this claim because he is actually innocent of the § 924(c) offenses and that enforcement of the waiver would result in a miscarriage of justice. Petitioner argues that this claim is not procedurally defaulted from § 2255 review because this is a jurisdictional defect and, even if procedural default applies, he can demonstrate cause and prejudice because this is a novel legal claim. Petitioner asks that Petitioner be resentenced pursuant to the sentencing package doctrine or alternatively that the § 924(c) convictions be vacated.

The Government filed a Reply, (Doc. No. 13), arguing that Petitioner conceded in his § 2255 Motion to Vacate that the predicate offense is Hobbs Act robbery and thus his claim is foreclosed by Mathis. The Government further argues that Petitioner has not moved to amend and that, even if he had, amendment would be futile because aiding and abetting Hobbs Act robbery is a crime of violence.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collater al attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in

---

[1] United States v. Brayboy, which was pending before the Fourth Circuit at the time of Petitioner's Response, was subsequently affirmed. See Section III(3), infra.

this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.  DISCUSSION

**(1)  Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner contends that his post-conviction waiver is unenforceable because he pled guilty to a non-existent offense over which Court lacked jurisdiction to sentence him, and therefore, the § 924(c) conviction is void and he is actually innocent of that offense.

The Court need not address the validity and enforceability of the post-conviction waiver in Petitioner's guilty plea because his claims fail on the merits. See Section (3), *infra.*

**(2)  Procedural Default**

4

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that his claim is not procedurally defaulted because he is raising a jurisdictional defect that cannot be procedurally defaulted. He further argues that he can demonstrate cause and prejudice because the attack on the § 924(c) conviction is novel. Assuming arguendo that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) conviction is valid and is not undermined by a novel legal theory. See Section (3), *infra*.

Petitioner similarly argues that he is actually innocent of violating § 924(c) because there is no underlying crime of violence. However, the record conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not except him from the procedural default bar. See Section (3), infra; United States v. Terry, 788 Fed. Appx. 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Petitioner's claim is therefore procedurally defaulted from collateral review and is subject to dismissal.

**(3)** **Merits**

Petitioner's claim also fails on the merits. Petitioner contends that his § 924(c) convictions are invalid because the predicate offense of aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. Assuming *arguendo* that this claim is properly before the Court and was not waived or procedurally defaulted, it fails on the merits.

In Johnson v. United States, 135 S.Ct. 2115 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019).

Although the Supreme Court held in Davis that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because the predicate offense of Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c). United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Aiding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of Hobbs Act robbery "necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, aiding and abetting Hobbs Act robbery also qualifies as a crime of violence under § 924(c)'s force clause. See United States v. Brayboy, 789 Fed. Appx. 384 (4th Cir. 2020) (rejecting, on plain error review, petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)); see also; United States v. Richardson, 2020 WL 413491 (6th Cir. Jan. 27, 2020); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. McKelvey, 773 Fed. Appx. 74, 75 (3d Cir. 2019). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, grant the Government's Motion to Dismiss and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

**IV.      CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed and denied.

7

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 11), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 27, 2020

Graham C. Mullen
United States District Judge